UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | 1:21-cr-00175-LEW |
| v. | ) | 1:21-mj-00271-JCN-12 |
| | ) | |
| LUCAS SIROIS, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION FOR
PROTECTIVE ORDER FOR DISCOVERY**

The Government asks the Court to enter a protective order to apply to discovery. (Motion, ECF No. 69.) The Government represents that the production of documents in discovery will be voluminous and include personally identifiable information and other personal information of parties and non-parties. (*Id.* at 2–3.) Many of the defendants do not object to the Government's motion, subject to their ability to seek a modification of the order in the future. At least two of the defendants object to the motion. (Responses, 1:21-mj-00271-JCN, ECF No. 86; 1:21-cr-00175-LEW, ECF No. 139.) After consideration of the Government's motion and the objections, the Court grants the Government's motion, subject to the defendants' ability to request relief from the protective order.

**DISCUSSION**

During discovery in criminal cases, district courts "may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). "Good cause" generally must be based on "a particular factual demonstration of potential harm, not on conclusory statements." *United States v. Padilla-Galarza*, 990

F.3d 60, 77 (1st Cir. 2021) (quoting *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7 (1st Cir. 1986)). "The nature of the showing of particularity, however, depends upon the nature or type of protective order at issue." *United States v. Bulger*, 283 F.R.D. 46, 52 (D. Mass. 2012).

The Government seeks a blanket or umbrella protective order which generally restricts defendants' ability to disclose to third parties the materials produced in discovery unless the materials become part of the public record in this case. While umbrella protective orders generally are not favored because they can be overinclusive, *United States v. Carriles,* 654 F. Supp. 2d 557, 565 (W.D. Tex. 2009), many courts have acknowledged that "[b]lanket or umbrella protective orders can be useful and expeditious in large scale litigation," where there might be voluminous disclosures to many parties, because it might be "virtually impossible, let alone unduly burdensome" for the Government or the Court "to conduct a page-by-page, document-by-document review" at the outset of a case to determine which documents should be protected from disclosure to third parties. *United States v. Smith*, 985 F. Supp. 2d 506, 545–46 (S.D.N.Y. 2013); *see also*, *United States v. Concord Mgmt. & Consulting LLC*, 404 F. Supp. 3d 67, 75 (D.D.C. 2019) (discussing practice of district courts issuing umbrella protective orders upon threshold showing of good cause, after which point defendants have the opportunity to challenge the scope of the order as to certain documents, at which point the Government must make a more particularized showing as to those documents to retain the protective order).

Here, given the Government's representations regarding the extensive investigation in this matter, the amount of discovery materials to be produced to all the defendants, and

the personally identifiable information in the materials, including information of non-parties, the Government has demonstrated that the various interests militate in favor of a protective order at this time.  *See e.g.*, Fed. R. Crim. P. 16 Advisory Committee Notes to the 1966 Amendment (identifying relevant interests in "the safety of witnesses and others, a particular danger or perjury or witness intimidation, the protection of information vital to the national security, and the protection of business enterprises from economic reprisals"); *United States v. Dimasi*, No. CR. 09-10166-MLW, 2011 WL 915349, at *4 (D. Mass. Mar. 16, 2011) (identifying protective orders' benefits, including "facilitate[ing] defendants' timely access to voluminous records, . . . prevent[ing] unfairly prejudicial pretrial publicity which might hamper the selection of an impartial jury, and . . . protect[ing] the privacy interests of third parties").  The protective order will allow for the production of discovery materials without the delay that the redaction process or a discovery motion practice would undoubtedly generate.

      The Court is mindful that a defendant might have need to use the discovery materials for purposes other than authorized by the protective order.  The Court's order will allow the defendants to request relief from the protective order to permit other uses of the materials should circumstances warrant.[1]

---

[1] The Court will adopt substantially all of the terms of the order proposed by the Government and consented to by most of the defendants.  One notable clarification or modification is warranted.  Other courts have reasonably determined that a protection order should not extend to materials in the public domain or independently obtained by defendants because the interests of the Government and the public interests in the confidentiality of the materials is greatly reduced, if it exists at all.  *See Smith*, 985 F. Supp. 2d at 547 ("The Court will approve the Government's proposed protective order with the added provision that it will not limit information in the public domain or independently obtained"); *see also Bulger*, 283 F.R.D. 46 (modifying original umbrella order containing exception for materials already in the public record).  The exception for materials in the public domain or independently obtained is sound.

## CONCLUSION

Based on the foregoing reasoning, pursuant to Federal Rule of Criminal Procedure 16(d), the Court orders:

1. All materials provided by the Government and the defendants in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and may be used by Counsel (defined as all counsel of record) solely in connection with the prosecution and/or defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.  If a party perceives a need to use the materials for a purpose not authorized by this order, the party may seek leave of Court to use the materials for another specific purpose.

2. Counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the prosecution or defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Persons employed to assist in the prosecution or defense, including, but not limited to, experts employed by the Government, the defendants, or Counsel, may retain copies of the materials until the end of trial as Counsel deems necessary to assist in the prosecution or defense, prepare for trial, or provide testimony at trial.  Other potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the prosecution and/or defense but may not retain copies without prior permission of the Court.

3. The Government, the defendants, Counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in

connection with this case by the Government, the defendants, Counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

4. The Government, the defendants, Counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

5. Before providing materials to an authorized person, Counsel must provide the authorized person with a copy of this Order.

6. Upon conclusion of all stages of this case, all the materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the producing party; or (3) retained in Counsel's case file. The Court may require a certification as to the disposition of any such materials. In the event that the materials are retained by Counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

7. To the extent any material is produced by mistake, Counsel shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, the Government, the defendants and/or Counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that

5

all copies of the specified material have been deleted from any location in which the material was stored.

8.  The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, to documents produced by third-parties in connection with these proceedings, or to documents received or produced in connection with other proceedings, nor do the restrictions in this Order limit Counsel in the use of discovery materials in judicial proceedings in this case.  The restrictions do not extend to documents in the public domain or independently obtained.

9.  Prior to filing or otherwise submitting any materials to the Court, Counsel shall redact, as appropriate, any personal identifying information in those materials, including, but not limited to, addresses, contact information, account numbers, birth date, social-security numbers, and drivers' license numbers.  Counsel shall also take reasonable steps to ensure that no such personal identifying information is publicly disclosed on the record during any hearings or other public conferences.

10. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

## NOTICE

Any objections to this order shall be filed in accordance with Federal Rule of Criminal Procedure 59.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 2nd day of December, 2021.

6